ORDERED in the Southern District of Florida on _____ 03/29/07 _____.



_Raymond B Ray_
Raymond B. Ray, Judge
United States Bankruptcy Court

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov
Broward Division

In re:                                              Case No. 07-12045-BKC-RBR

W. Anthony Loe,                                     Chapter 7
dba Florida State Attorney

      Debtors.
_____/

## MEMORANDUM OPINION AND ORDER DISMISSING INVOLUNTARY PETITION WITH PREJUDICE TO REFILING

THIS MATTER came before the Court for hearing on March 29, 2007, upon the alleged Debtor's *Emergency Motion to Dismiss Case, Motion to Purge Record, Motion For Sanctions Against Petitioning Creditor* (C.P. 5). The Court having heard from the parties, reviewed the file and being otherwise duly advised, dismisses the petition with prejudice for the reasons stated below.

On March 26, 2007, Nyka Tassiant O'Conner (hereafter "O'Conner"), filed what appears to be an involuntary petition under chapter 7 of the Bankruptcy Code. 11 U.S.C. §303. The filing of an involuntary petition commences a bankruptcy case. 11 U.S.C. §303(b).   On March 28, 2007, the alleged Debtor filed his *Emergency Motion to Dismiss Case, Motion to Purge Record, Motion For Sanctions Against Petitioning Creditor* (C.P. 5). A hearing was held on an emergency basis on March 29,2007. The petitioning creditor, O'Conner, appeared by

telephone from his location in a Florida Department of Corrections Facility, all other parties were present in the courtroom. At the hearing every party was given sufficient time to present their arguments.

The Court has jurisdiction over this case pursuant to 28 U.S.C. §1334.  The determination of whether an order for relief should be granted in an involuntary case is a core proceeding. 28 U.S.C. §157(b)(2)(A).; *see also* 11 U.S.C. §303(h)(which directs the court to enter the order of relief if it is warranted).

O'Conner's involuntary petition was filed against the supposed debtor "Mr. W. Anthony Loe, dba: Florida State Attorney."  Mr. Loe is indeed an Assistant State Attorney in the Homicide Department.  This filing is O'Conner's third attempt to place an entity into an involuntary. The first attempt was an involuntary petition against the State of Florida, the Clerks office rightly rejected that filing because O'Conner did not pay the full filing fee. The second attempt was against Mr. Loe that petition was also rejected for a failure to pay the full filing fee. However, the third time was a charm for O'Conner; since the full filing fee was paid, the Clerk's Office had to accept the petition in accordance with standard procedures.  After the filing was accepted the undersigned Judge was assigned the case.

The Court has conducted a careful review of the petition and the three attached pages, as well as the two previously failed petitions and the correspondence associated with them, the state court criminal case (Case No.00-5323CF10B), and any other evidence that capable of judicial notice. The Court has determined, in the interests of justice and in accordance with established precedent, that it is appropriate to dismiss the filing.[1]

A bankruptcy judge may take judicial notice of the records on file before the court, as

---

[1]The Court was initially inclined to dismiss this case on its own motion and believes that in a future case with similar facts such action is warranted. However, because all parties were able to be heard on an expedited basis the Court erred on the side of caution and held a hearing.

well as, the relevant records of other courts both within and outside of the federal system. *See* Fed. R. Evid. 201; *Feltman v. Prudential Bache Sec.*, 122 B.R. 466, 474 (S.D. Fla. 1988); *In re Davis*, 278 B.R. 429, 430 (Bankr. W.D. Mich 2002). As such the Court takes judicial notice of the petition and the three attached pages, as well as the two previously failed petitions and the correspondence associated with them, the state court criminal case (Case No.00-5323CF10B), and the Florida Department of Corrections webpage regarding Mr. O'Conner (which is attached to this opinion as appendix A).

As documented in the state court criminal case, Mr. Loe was the prosecuting attorney at O'Conner's first degree murder trial. After he was convicted, O'Conner was sentenced to a lifetime sentence in a Florida State Correctional Facility, he is currently being held in the Union Correctional Insitute. According to the Department of Corrections webpage O'Conner began serving his sentence on March 22, 2001. At some point during the last six years O'Conner developed a familiarity with the bankruptcy code and filed the instant petition.

The petition itself can only be described as utter nonsense. According to O'Conner's Official Form 5, which must be filled out correctly to commence a bankruptcy petition, Mr. Loe owes him $9,999,999,999.99. The Court has no trouble believing that this staggering sum is a blatant lie. To demonstrate the absurdity of the amount, consider that a penny short of $10 billion dollars would fetch two (2) Nimitz Class aircraft carriers and still leave almost $1 billion. *See* Wikipedia, Nimitz class aircraft carrier, http://en.wikipedia.org/wiki/Nimitz_class_aircraft_carrier (last visited March 28, 2007). It is unfathomable that Mr. Loe owes O'Conner any money at all, let alone the sum described above.

Continuing on with O'Conner's ramblings, this "debt" supposedly arises from Borward County case 00-5323CF10B. That case however, was Mr. O'Conner's criminal trial. A criminal trial cannot give rise to a civil monetary judgment against the prosecuting attorney. As such the supposed "claim" of O'Conner could not have resulted from his criminal trial.

Next, the Court addresses the Florida Uniform Commercial Code filings attached to the petition. The UCC filings are generously described as incoherent and irrelevant. They make no mention of Mr. Loe anywhere on them. In fact they secure a debt from O'Conner to O'Conner. Proceeding to the description of the collateral the Court is unable to understand what O'Conner has  purportedly granted himself a security interest in. The only understandable statement reads, in part, "[s]aid registration is to secure the rights... and interest in the Alien registration card [ending #0618]..."  This does not demonstrate in any way, shape, or form that Mr. Loe is even remotely indebted to O'Conner. Further, in his response Mr. Loe has included the printouts from the secured transaction registry and judgment lien list which show that he is not listed in either of them.

At the hearing Mr. O'Conner made extensive reference to his UCC filings. However, when the Court specifically asked him what events or actions caused Mr. Loe to be indebted to him. Mr. O'Conner could not answer the question. He did however, suggest that there were counterclaims resulting from the state criminal trial, the Court has already addressed that concern above.  Mr. O'Conner was unable to explain what relevance or significance the UCC filings have to Mr. Loe. In fact, much of what Mr. O'Conner argued to the Court was unintelligible[2]. Therefore the Court finds as a matter of law that as of the filing of the petition, O'Conner is not any kind of creditor of Mr. Loe. Moreover, due to his lack of creditor status he had no right to file the involuntary peitition.

The only reported case the Court could find, which had an almost identical situation is *In re Davis*, 278 B.R. 429 (Bankr. W.D. Mich. 2002), where a convicted felon used the privilege of filing involuntary petitions to harass the judge and prosecutor of his case. *See In re Davis*, 278

---

[2] Mr. O'Conner insisted on starting every response with the phrase "For good value accepted..."

B.R. 429, 431(Bankr. W.D. Mich. 2002).  There the Court determined that it could *sua sponte* dismiss the case. *See id* at 432.  As a basis for dismissing the case Judge Gregg determined that an involuntary petition can be dismissed for bad faith filing. *See id.*  He based this determination on three principles: (1) §303(i) permits an award of punitive damages for filing in bad faith; (2) there exists no good reason to distinguish bad faith filings in involuntary cases from voluntary cases; (3) the bankruptcy court has a "duty to dismiss abusive or manipulative cases and it is proper for the court to act, when extreme circumstances exist, on its own initiative." *See id.*  Furthermore, the Court is permitted under 11 U.S.C. §105(a) to " issue any order.. to carry out the provisions of this title." Section 105(a) continues and states that the court may "sua sponte tak[e] any action... to prevent an abuse of process." 11 U.S.C. §105(a). This petition is a gross abuse of process and most likely, its filing, rises to the level of a criminal act under 18 U.S.C. §157.  The Court finds these reasons to be convincing and sufficient. Furthermore, based on the foregoing analysis I find that Mr. O'Conner filed this petition in bad faith.

The filing of an abusive involuntary petition is odious. The Court has no patience for a convicted criminal's attempt to use the involuntary bankruptcy process to harass public servants.  There is ample precedent where courts have barred people from filing bankruptcies because of bad faith filings. *See e.g. In re Selinsky* 2007 WL 779134 (Bankr. S.D. Fla. March 15, 2007); *In re Farber*, 355 B.R. 362 (Bankr. S.D. Fla. 2006);*In re Davis*, 278 B.R. 429 (Bankr. W.D. Mich. 2002).  The Court determines that this case should be dismissed with prejudice. Accordingly, it is,

**ORDERED AND ADJUDGED,**

1. This petition is dismissed with prejudice.

2.  Absent <u>prior</u> permission from this Court, petitioning creditor Mr. Nyka Tassaint O'Conner is hereby barred from filing another involuntary petition against Mr. Loe, or any other attorney who was involved in his prosecution, in any Bankruptcy Court in the United States of America. In order to obtain this permission Mr. O'Conner is required to send to the Court: (1) a properly filled out Official Form 5, (2) a statement describing the nature of the debt and that the alleged debtor is eligible to be a debtor, (3) sufficient documentation that such a debt exists.

3.  The Clerk of the Court is hereby **DIRECTED** to return any involuntary petition against Mr. Loe, or any other attorney who was involved in Mr. O'Conner's prosecution, to Mr. O'Conner along with a copy of this order.

4. Pursuant to 11 U.S.C. §303(I)(2) the Court hereby **PROHIBITS** all consumer reporting agencies, as defined in the section, from making any consumer report that contains any information relating to this petition or the associated case. This includes allowing this filing to have <u>any</u> adverse impact on Mr. Loe.  The Court reserves jurisdiction to award sanctions to enforce this prohibition.

5. Upon motion by Mr. Loe, the Court reserves the right to enter an award of damages pursuant to 11 U.S.C. §303(i)(2).

6. The Court reserves the right to enforce this order and enter damages, upon appropriate motion.

###

Clerk shall furnish copies to:

Assistant United States Trustee
Nyka Tassiant O'Conner
Anothy Loe, Assistant State Attorney
Michael J. Satz, State Attorney

APPENDIX A



**Corrections Offender Network**

## Inmate Population Information Detail
(This information was current as of 3/25/2007)



| | |
|---|---|
| **DC Number:** | 199579 |
| **Name:** | O CONNOR, NYKA |
| **Race:** | BLACK |
| **Sex:** | MALE |
| **Hair Color:** | BLACK |
| **Eye Color:** | BROWN |
| **Height:** | 6'00" |
| **Weight:** | 184 lbs. |
| **Birth Date:** | 02/12/1980 |
| **Initial Receipt Date:** | 03/22/2001 |
| **Current Facility:** | UNION C.I. |
| **Current Classification Status:** | CM II |
| **Current Custody:** | CLOSE |
| **Current Release Date:** | SENTENCED TO LIFE |

**Special Note:**
**See Detainer Section**

| Aliases: | |
|---|---|
| NYKA O CONNER | NYKA O CONNOR |
| NYKA TVSAINT OCONNER | |

**Current Prison Sentence History:**

| Offense Date | Offense | Sentence Date | County | Case No. | Prison Sentence Length |
|---|---|---|---|---|---|
| 02/12/2000 | 3RD DEG MUR,O/THAN ARSON | 03/12/2001 | BROWARD | 0005323 | 15Y 0M 0D |
| 02/12/2000 | ROBB. GUN/DEADLY WPN | 03/12/2001 | BROWARD | 0005323 | SENTENCED TO LIFE |

*Note: The offense descriptions are truncated and do not necessarily reflect the crime of conviction. Please refer to the court documents or the Florida Statutes for further information or definition.*

**Detainers:** (Further information may be obtained by contacting the detaining agency)

| Detainer Date | Agency | Type | Date Canceled |
|---|---|---|---|
| 10/29/2001 | INS MIAMI | DETAIN | |

**Incarceration History:**

| Date In-Custody | Date Out-of-Custody |
|---|---|
| 03/22/2001 | Currently Incarcerated |

First   Previous   Next   Last   Return to List       New Search       Record: 1 of 1

*The Florida Department of Corrections updates this information regularly, to ensure that it is complete and accurate, however this information can change quickly. Therefore, the information on this site may not reflect the true current location, status, release date, or other information regarding an inmate.*

*This database contains public record information on felony offenders sentenced to the Department of Corrections. This information only includes offenders sentenced to state prison or state supervision. Information contained herein includes current and prior offenses. Offense types include related crimes such as attempts, conspiracies and solicitations to commit crimes. Information on offenders sentenced to county jail, county probation, or any other form of supervision is not contained. The information is derived from court records provided to the Department of Corrections and is made available as a public service to interested citizens. The Department of Corrections makes no guarantee as to the accuracy or completeness of the information contained herein. Any person who believes information provided is not accurate may contact the Department of Corrections.*

*For questions and comments, you may contact the Department of Corrections, Bureau of Classification and Central Records, at (850) 488-9859 or go to Frequently Asked Questions About Inmates for more*

*information*. *This information is made available to the public and law enforcement in the interest of public safety.*

Search Criteria: First Name: Nyka Search Aliases: on Sex: ALL Race: ALL Offense Category: ALL Classification Status: Current Custody: Identifier Type: ALL County of Commitment: ALL Current Location: ALL Eye Color: ALL Hair Color: ALL

Return to Corrections Offender Information Network

Home | Highlights | Reports | Facilities | Offender Search | FAQs | Search | Contact
Privacy Policy